**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

VICTOR OLVERA,

*Plaintiff*,

-against-

GOLD GONG INC D/B/A RICE K SUSHI & ASIAN CUISINE, XIU CHEN and YIDI CHEN

*Defendants.*

-------------------------------------------------------X

**Civil Action No.:**

**COMPLAINT**
**JURY TRIAL DEMANDED**

Victor Olvera ("Plaintiff") by and through his/her attorneys, Law Offices of Colin Mulholland and Naydenskiy Law Firm, LLC, upon his/her knowledge and belief, and as against GOLD GONG INC D/B/A RICE K SUSHI & ASIAN CUISINE., XIU CHEN and YIDI CHEN, (collectively, "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff Victor ("Plaintiff Olvera") is a former employee of GOLD GONG INC D/B/A RICE K SUSHI & ASIAN CUISINE.

2. Plaintiff Victor Olvera was employed as a kitchen helper and deliveryman from approximately February 2025 through approximately October 2025.

3. Defendants own, operate, and/or controlled a restaurant located at 29-21 23rd Ave, Astoria, NY 11105.

4. At all times relevant to this Complaint, Plaintiff/s worked for Defendants in excess of 40 hours per week without appropriate overtime compensation for the hours worked each week over 40 hours.

5. Further, Defendants failed to provide Plaintiff with the proper wage notices and statements required under New York Labor Laws.

6. Plaintiff now brings this action for unpaid overtime wages and minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 et seq. and 650 et seq. ("NYLL"), including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiffs state law claims is conferred by 28 U.S.C. § 1367(a).

8. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff was employed by Defendants in this district.

## THE PARTIES

9. GOLD GONG INC D/B/A RICE K SUSHI & ASIAN CUISINE is a domestic corporation organized and existing under the laws of the State of New York. It operates in the full-service restaurant industry and maintains its principal place of business at 29-21 23rd Ave, Astoria, NY 11105.

10. XIU CHEN is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

11. XIU CHEN is being sued in their capacity as an owner, officer, and/or agent of Defendants.

12. XIU CHEN possessed substantial control over Plaintiff's working conditions, and held power over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiff.
13. XIU CHEN had the power to hire and fire Plaintiff and other employees of the Defendants.
14. XIU CHEN hired Plaintiff and set Plaintiff's pay rate.
15. XIU CHEN hired staff and managed the business.
16. XIU CHEN had the authority to set Plaintiff's schedules.
17. XIU CHEN assigned Plaintiff's duties and schedule.
18. XIU CHEN set Plaintiff's pay rate.
19. XIU CHEN had the power to enter into executory contracts on behalf of the business, including the lease.
20. XIU CHEN managed and controlled the payroll practices of the Defendants.
21. XIU CHEN employed Plaintiff within the meaning of 29 U.S.C. § 201 et seq. and the NYLL
22. YIDI CHEN is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.
23. YIDI CHEN is being sued in their capacity as an owner, officer, and/or agent of Defendants.
24. YIDI CHEN is the liquor license holder for the business and publicly represented to supervise the operations therein.

25. YIDI CHEN possessed substantial control over Plaintiff's working conditions, and held power over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiff.
26. YIDI CHEN had the power to hire and fire Plaintiff and other employees of the Defendants.
27. YIDI CHEN hired staff and managed the business.
28. YIDI CHEN had the authority to set Plaintiff's schedules.
29. YIDI CHEN had the power to enter into executory contracts on behalf of the business, including the lease.
30. YIDI CHEN managed and controlled the payroll practices of the Defendants.
31. YIDI CHEN employed Plaintiff within the meaning of 29 U.S.C. § 201 et seq. and the NYLL.
32. In the alternative, Defendants constitute a single employer of Plaintiff.
33. At all relevant times, Defendants were Plaintiff's employer within the meaning of the FLSA and New York Labor Law.
34. Defendants have had a gross annual volume of revenue of not less than $500,000.

**PLAINTIFF**

35. Plaintiff Victor Olvera ("Plaintiff Olvera") was employed by Defendants from approximately February 2025 to approximately October 2025.
36. Throughout his/her employment with defendants, Plaintiff Olvera was employed as a kitchen helper and deliveryman.
37. Plaintiff's work was supervised and his/her duties required neither discretion nor independent judgment.

38. Plaintiff Olvera regularly worked in excess of 40 hours per week.

39. From approximately February 2025 to October 2025, Plaintiff Olvera typically worked four (4) days per week. He regularly worked Thursday through Sunday 11am to 11pm.

40. From approximately February 2025 to October 2025, Defendants paid Plaintiff Olvera a flat rate of eighty dollars ($80.00) per day.

41. Defendants never provided Plaintiff Olvera with each payment of wages a proper statement of wages, as required by NYLL 195(3).

42. Defendants failed to provide Plaintiff Olvera all of the proper and complete notices in English and in Spanish (Plaintiff's primary language), of his/her rate of pay, the employer's regular pay day, and such other information as required by NYLL §195(1) upon being hired or each change in rate of pay.

43. Plaintiff now brings this action for unpaid overtime wages and minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. (FLSA), and for violations of the NY Labor Law §§ 190 et seq. and 650 et seq., including applicable liquidated damages, interest, and costs.

**FIRST CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA**

44. Plaintiff(s) repeat(s) and reallege(s) all paragraphs above as though fully set forth herein.

45. Defendants, in violation of the FLSA, failed to pay Plaintiff(s) overtime compensation at rates of one and one-half times the regular rate of pay for each

hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

46. Defendants' failure to pay Plaintiff(s) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

47. Plaintiff(s) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

48. Plaintiff(s) repeats and realleges all paragraphs above as though fully set forth herein.

49. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff(s), controlled the terms and conditions of their employment and had the power to determine the rate and method of any compensation in exchange for their employment.

50. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

51. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

52. Defendants failed to pay Plaintiff(s) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

53. Defendants' failure to pay Plaintiff(s) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

54. Plaintiff(s) were damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW**

55. Plaintiff(s) repeat(s) and reallege(s) all paragraphs above as though fully set forth herein.

56. Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiff(s) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

57. Defendants' failure to pay Plaintiff (s)overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

58. Plaintiff(s) were damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**NEW YORK STATE LAW MINIMUM WAGE CLAIM**

59. Plaintiff(s) repeat(s) and reallege(s) all paragraphs above as though fully set forth herein.

60. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff(s), controlled terms and conditions of employment and determined the rates and methods of any compensation in exchange for employment.

61. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff(s) less than the minimum wage.

62. Defendants' failure to pay Plaintiff(s) the minimum wage was willful and not in good faith within the meaning of N.Y. Lab. Law § 663.

63. Plaintiff(s) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR

64. Plaintiff(s) repeat(s) and reallege(s) all paragraphs above as though fully set forth herein.

65. Defendants failed to pay Plaintiff(s) one additional hour's pay at the basic minimum wage rate or prevailing regular rate of pay before allowances for each day Plaintiff's' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

66. Defendants' failure to pay Plaintiff(s) an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful and not in good faith within the meaning of New York Lab. Law § 663.

67. Plaintiff(s) were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

68. Plaintiff(s) repeat(s) and reallege(s) all paragraphs above as though fully set forth

herein.

69. Defendants failed to provide Plaintiff(s) with written notices, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

70. Defendants are liable to each Plaintiff in the amount of $5,000 each, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF THE WAGE STATEMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

71. Plaintiff(s) repeat(s) and reallege(s) all paragraphs above as though fully set forth herein.

72. With each payment of wages, Defendants failed to provide Plaintiff(s) with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular

hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

73. Defendants are liable to each Plaintiff in the amount of $5,000 each, together with costs and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff(s) respectfully requests that this Court enter judgment against Defendants:

(a) Declaring that Defendants violated the minimum wage and overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff(s);

(b) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's compensation, hours, wages, and any deductions or credits taken against wages;

(c) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff;

(d) Awarding Plaintiff(s) damages for the amount of unpaid minimum wages and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e) Awarding Plaintiff(s) liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum wages and overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f) Declaring that Defendants violated the minimum wage and overtime wage

provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff(s).

(g) Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff(s);

(h) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages; and any deductions or credits taken against wages;

(i) Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff(s);

(j) Awarding Plaintiff damages for the amount of unpaid minimum wages and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(k) Awarding Plaintiff(s) damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l) Awarding Plaintiff(s) liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(m) Awarding Plaintiff(s) pre-judgment and post-judgment interest as applicable;

(n) Awarding Plaintiff(s) the expenses incurred in this action, including costs and attorneys' fees;

(o) Enjoining Defendants' from future violations of the NYLL as the Court deems necessary and appropriate.

(p) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal

is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q) All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiff(s) demands a trial by jury on all issues triable by a jury.

Dated: September 4, 2026

By: */s/ Colin Mulholland*
Colin Mulholland, Esq.
36-36 33rd Street, Suite 308
Astoria, New York 11106
Telephone: (347) 687-2019

By: */s/ Gennadiy Naydenskiy*
Gennadiy Naydenskiy (GN5601)
Naydenskiy Law Firm, LLC
426 Main St, #201
Spotswood, NJ, 08884
718-808-2224

*Attorneys for Plaintiff*